### 10029

*IN RE* MIXON *ET AL.*
PORTER v. SANDERS.

(96 S. E. 403.)

1. CHATTEL MORTGAGES—LANDLORD'S LIEN—PRIORITY.—A crop mortgage is not prior to a landlord's lien, although landlord claims under an unrecorded bond for title.

2. APPEAL AND ERROR—DIRECTED VERDICT—REVIEW.—Where a directed verdict, in a case at law tried by a jury, was granted on a certain ground, the judgment cannot be sustained on other grounds.

Before SEASE, J., Barnwell, Fall term, 1917. Reversed.

Action of claim and delivery by J. A. Porter against Eddie Sanders, in which Martin Mixon and another intervened. Judgment for plaintiff, and the interveners appeal.

*Mr. Jas. E. Davis,* for appellants, cites: *As to landlord's lien for rent, and its priority:* Civil Code, vol. I, 1912, sec. 4162; 36 S. C. 274. *As to the right of third persons to intervene in actions of claim and delivery:* Code, vol. II, sec. 267; Code, vol. I, section 4166.

*Mr. G. M. Greene,* for respondent, submits: *That plaintiff is an innocent party without notice of the rights of the interveners:* Code 1912, vol. I, sec. 3542; 95 S. C. 351. *Appellants had no right to intervene in this case:* 15 S. C. 553; 5 S. C. 283; 43 S. C. 460.

July 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

J. A. Porter brought his action of claim and delivery against one Eddie Sanders to secure the possession of certain crops under a crop mortgage executed by the said Eddie Sanders. The appellants, Martin Mixon and Ceaton Mixon, intervened and claimed the right to the possession under a landlord's lien for rent. The appellants claim to be in possession of the land under an unre-

corded bond for title. At the trial the plaintiff moved for a directed verdict on the ground that the "plaintiff stood in the position of an innocent party, without notice of any right that the interveners had, and, therefore, they could not enforce their lien for rent." Sanders was in default. According to the record the presiding Judge ordered a verdict for the plaintiff on this ground. From this judgment the interveners appealed.

It is very manifest that the direction of a verdict cannot be sustained on this ground. A tenant cannot put his landlord on proof of his title by giving a mortgage on his crop.

The respondent seeks to sustain the direction of the verdict on additional grounds. The rule is that in a case at law tried by a jury the judgment cannot be sustained on other grounds.

The judgment is reversed.